UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JONATHAN HELLER, Ph.D., : | |
|     Plaintiff, : | |
| : | |
| v. : | C.A. No. 23-212-MSM |
| : | |
| CHIRINJEEV KATHURIA, ELIZABETH NG : | |
| and OCEAN BIOMEDICAL, INC., : | |
|     Defendants. : | |

**ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court is the motion of Cameron & Mittleman, LLP, Sally P. McDonald, Justin T. Shay, Matthew J. Pimentel and Cynthia R. Vandermolen (collectively, "C&M") to withdraw as counsel in this case for the individual Defendants – Chirinjeev Kathuria and Elizabeth Ng – and the entity Defendant, Ocean Biomedical, Inc. ("OBI"). ECF No. 62. On February 4, 2025, the Court conducted a remote hearing on the motion at which counsel for all parties, Dr. Kathuria and the interim chief executive officer of Defendant OBI appeared and participated. Ms. Ng did not appear. With the consent of the appearing Defendants, the Court engaged in an off-the-record confidential *ex parte* conference with only the C&M attorneys who were present during the hearing. During the hearing, counsel for all parties agreed that, but for the six previously noticed depositions, fact discovery is concluded.

The Court finds that the motion to withdraw complies with the requirements of DRI LR Gen 206(d)(2), except that it does not adequately provide contact information for Defendants, which deficiency the Court addresses below. However, the Court also finds that significant prejudice has already been inflicted on Plaintiff due to Defendants' conduct in connection with the motion to withdraw of their first set of attorneys in 2023 (on the brink of Defendants'

depositions and shortly before the close of fact discovery) especially due to Defendants' failure to comply with the Court's Text Order of December 15, 2023, either to engage new counsel or enter *pro se* appearances within thirty days, instead delaying until after default, resulting in substantial delay and costly motion practice.  Without mitigation of prejudice by the Court, the pending motion to withdraw is likely to replicate and seriously exacerbate this prejudice.  Nevertheless, the Court further finds that denying the motion to withdraw is not appropriate in that the ongoing representation of any or all Defendants (except for appearing and defending the previously noticed Defendant depositions) is precluded by a conflict of interest.[1]

      Based on the foregoing, the Court grants the motion to withdraw, provided that C&M must remain in the case solely for the limited purpose of appearing at and defending the three Defendant depositions scheduled by this Order, and for no other purpose.  Once the three Defendant depositions are completed, C&M will be terminated from the case.  To mitigate the prejudice caused by the pattern of Defendants' counsel withdrawing on the brink of depositions, the Court issues a limited extension of the fact discovery closure deadline to March 8, 2025, pursuant to LR Cv 26(c), which provides that specified discovery initiated before the discovery closure date may be completed subsequent to that date.[2]  This short extension is to afford time for the parties to complete up to six previously noticed depositions.  With respect to the previously noticed depositions of Defendants, Dr. Kathuria, Ms. Ng and the Fed. R. Civ. P.

---

[1] During the *ex parte* conference with C&M, and on the record during the hearing, the Court confirmed that C&M is not ethically barred from a limited-scope continuation of their appearance in this case for the sole purpose of appearing at and defending the three Defendant depositions.

[2] The Court will not entertain any further extension of the fact discovery period except based on extraordinary circumstances not known to the Court at the time of this hearing.

30(b)(6) designee(s) of OBI, the Court orders that one or more C&M attorneys <u>must appear</u> at and defend[3] each such deposition and that the depositions shall be taken remotely as follows:

1.  Defendant Ng (including as the Fed. R. Civ. P. 30(b)(6) designee of OBI if Defendant Ng is so designated) shall be deposed on February 14, 2025, beginning at 12:00 p.m. EST until completed;

2.  Defendant Kathuria (including as the Fed. R. Civ. P. 30(b)(6) designee of OBI if Defendant Kathuria is so designated) shall be deposed on February 24, 2025, beginning at 12:00 p.m. EST through 5:00 p.m. EST and continuing on February 25, 2025, beginning at 12:30 p.m. EST until completed; and

3.  If Defendant OBI has another corporate designee for purposes of its Fed. R. Civ. P. 30(b)(6) deposition (other than Defendants Ng and Kathuria, that designee shall be deposed on February 27, 2025, beginning at 9:30 a.m. EST until completed.

Defendants are cautioned that the failure to appear pursuant to this Order may result in sanctions under Fed. R. Civ. P. 37.  At Defendants' depositions, the party deponent must provide answers under oath regarding current physical address, mailing address, email address and telephone number(s); to the extent that any Defendant is unavailable or refuses to answer, the attending attorney from C&M is ordered to supply the required contact information as to each Defendant. Apart from appearing at and defending (unless instructed not to defend by the respective Defendant, <u>see</u> n.3 *supra*) the three Defendant depositions, C&M is immediately terminated as counsel and owes no further duty to Defendants, except for the duties owed by an attorney to a former client.  Specifically, C&M shall not take the previously noticed deposition of Plaintiff.[4]

---

[3] If substitute counsel enters an appearance prior to the date set for any of the three Defendant depositions, such new counsel may defend but C&M must appear and remains subject to the duty to supply Plaintiff on the record with physical addresses, email addresses and phone numbers if not provided by Defendants.  Relatedly, if either of the individual Defendants enters a *pro se* appearance prior to the date set for any of the three Defendant depositions, such Defendant may defend him/herself *pro se*, but C&M must appear and remains subject to the duty to supply Plaintiff on the record with physical addresses, email addresses and phone numbers if not provided by Defendants.

[4] This Order is not intended to bar Defendants from deposing Plaintiff.  Thus, Plaintiff's deposition may be taken by new counsel, provided that it must be taken, if at all, during the period of the limited extension of fact discovery ending on March 8, 2025.

As soon as the third of the three previously noticed Defendant depositions is completed, C&M shall file a written notice advising the Court that they should be terminated on the docket as counsel of record. If another attorney enters an appearance for any or all Defendants, such change in counsel may not be asserted as the basis for rescheduling any of the Defendant depositions or for extending the close of fact discovery.

Within thirty days of the docketing of the notice of termination by C&M, the individual Defendants are hereby ordered either to have substitute counsel enter on their behalf or to enter their *pro se* appearances in compliance with DRI LR Cv 205 and to defend this case *pro se*. By the same deadline, OBI is hereby ordered either to have substitute counsel enter on its behalf or face the risk of default because it may not appear and defend *pro se* pursuant to DRI LR Cv 205(a)(3).

C&M is ordered immediately to advise Ms. Ng of the content of this Order, including the Court-ordered date and time of her deposition, and to file a certification that they have complied with this directive.

Based on the foregoing and subject to the limited scope continuation as set forth above, the Motion (ECF No. 62) of Counsel for all Defendants to Withdraw is hereby GRANTED.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
February 5, 2025